**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

May 09 2013, 9:14 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MICHELLE F. KRAUS**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MARJORIE LAWYER-SMITH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CARMELL D. NELSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1208-CR-349 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable John F. Surbeck, Jr., Judge
Cause No. 02D05-1106-FB-135

**May 9, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHARPNACK, Senior Judge**

Carmell D. Nelson appeals his convictions of attempted murder, a Class A felony, Ind. Code §§ 35-41-5-1 (1977), 35-42-1-1 (2007), and unlawful possession of a firearm by a serious violent felon, a Class B felony, Ind. Code § 35-47-4-5 (2006).  We affirm.

## ISSUE

Nelson raises one issue, which we restate as:  whether the trial court abused its discretion by allowing evidence of his past wrongdoing to be presented to the jury.

## FACTS AND PROCEDURAL HISTORY

In March 2000, Nelson approached Rovon Wilson with a gun as Wilson walked down the street.  Nelson cursed at Wilson, pointed the gun at his head, and pulled the trigger.  Nothing happened, so Nelson pulled the trigger again, to no effect.  Next, Nelson hit Wilson in his face with the gun, leaving a permanent scar.  Nelson was convicted of battery as a Class C felony and sentenced to two years for attacking Wilson.

On the evening of April 9, 2011, Wilson and his girlfriend, Pearl Paige, went to a nightclub in Fort Wayne.  When they arrived, Wilson saw Nelson.  Wilson approached Nelson to tell him that he did not have a problem with Nelson and was trying to have a good time.  Nelson said to Wilson, "F-you, you sent me to prison."  Tr. p. 203.  Wilson and Paige stayed at the nightclub, but Wilson noticed Nelson looking at him during the evening.

After midnight, Wilson and Paige went outside and called a taxi company.  As they waited for a taxi, Wilson saw Nelson in the club's parking lot and said to Paige that they should return inside.  When Wilson turned to go back inside, Nelson approached

2

him and shot him seven times. Wilson fell to the ground, and as he lay there he saw Nelson standing over him, holding a gun. Wilson asked Nelson not to kill him, and Nelson left. Wilson survived the shooting but suffered severe, permanent injuries, including losing the use of his legs.

The State charged Nelson with the crimes identified above and aggravated battery. At trial, the charges of attempted murder and aggravated battery were presented to the jury separately from the charge of possession of a handgun by a serious violent felon. During the attempted murder phase of the trial, Wilson testified over Nelson's objection about their March 2000 encounter. After the jury found Nelson guilty of attempted murder and aggravated battery, the jury considered the charge of possession of a handgun by a serious violent felon. At that point, the jury learned that Nelson's attack on Wilson in March 2000 resulted in a Class C felony conviction and a two-year sentence. The jury determined that Nelson was guilty of the handgun charge. The trial court merged the aggravated battery charge into the attempted murder charge and sentenced Nelson for attempted murder and for possession of a handgun by a serious violent felon. This appeal followed.

## DISCUSSION AND DECISION

Nelson argues the trial court should not have admitted evidence of his March 2000 attack on Wilson during the attempted murder phase of the trial, arguing that the attack was evidence of a prior crime which unfairly prejudiced the jury against him, in violation of Indiana Evidence Rule 404(b).

3

The trial court is afforded wide discretion in ruling on the admissibility and relevancy of evidence. *Nicholson v. State*, 963 N.E.2d 1096, 1099 (Ind. 2012). We review evidentiary decisions for an abuse of discretion and reverse only when the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

Admission of evidence of other acts of misconduct is governed by Rule 404(b), which provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pre-trial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

This rule was designed to prevent a jury from assessing a defendant's present guilt on the basis of past propensities. *Allen v. State*, 720 N.E.2d 707, 711 (Ind. 1999). When a court considers the admissibility of 404(b) evidence, it must: (1) determine that the evidence of other crimes, wrongs, or acts is relevant to a matter at issue other than the defendant's propensity to commit the charged act and (2) balance the probative value of the evidence against its prejudicial effect pursuant to Rule 403. *Nicholson*, 963 N.E.2d at 1100.

In this case, the trial court concluded that evidence of the March 2000 incident was admissible to prove Nelson's motive for shooting Wilson in 2011. Evidence of motive is always relevant in the proof of a crime. *Ross v. State*, 676 N.E.2d 339, 346 (Ind. 1996). Furthermore, a defendant's prior bad acts are also usually admissible to

4

show the relationship between the defendant and the victim. *Id.* As our Supreme Court has stated, "Hostility is a paradigmatic motive for committing a crime." *Hicks v. State*, 690 N.E.2d 215, 222 (Ind. 1997) (quoting *United States v. Russell*, 971 F.2d 1098, 1106-07 (4th Cir. 1992)).

We agree that evidence of Nelson's attack in March 2000 was relevant to prove Nelson's motive to shoot Wilson and was not admitted to create an inference that Nelson acted in conformity with prior bad acts. Wilson's description of Nelson's battery, combined with Nelson's statement, "F-you, you sent me to prison," Tr. p. 203, tended to prove that Nelson was angry at Wilson and wanted revenge. *See Hicks*, 690 N.E.2d at 222-23 (determining that evidence of prior altercations between Hicks and the victim was relevant to prove motive).

Wilson also testified that between the March 2000 incident and the April 2011 shooting, he saw Nelson at a bus stop in 2006 or 2007 and no fights occurred. Nelson says evidence of this nonviolent interaction undermines the State's claim of motive. The bus stop encounter goes to the weight to be given to the March 2000 incident, not its admissibility. *See West v. State*, 755 N.E.2d 173, 182 (Ind. 2001) (holding that a police officer's lack of reaction to West's threat to kill a witness went to the weight to be given to the threat, not its admissibility under Rule 404(b)).

Next, we must balance the probative value of the evidence of Nelson's March 2000 assault against its prejudicial effect. Indiana Evidence Rule 403 provides, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the

5

jury, or by considerations of undue delay, or needless presentation of cumulative evidence."

We cannot conclude that the prejudice resulting from evidence of the March 2000 incident outweighed the probative value. At trial, Nelson did not dispute being at the nightclub on the evening in question, but he argued that he was not the shooter. Evidence of the March 2000 incident helped to establish the hostile relationship between Nelson and Wilson. Furthermore, the March 2000 evidence supported and explained Nelson's statement to Wilson, "F-you, you sent me to prison." Tr. p. 203. In addition, the jury was also told that Nelson and Wilson had encountered one another in 2006 or 2007 without conflict, and it could weigh that encounter against Wilson's testimony about Nelson's statements and conduct on the night of April 9, 2011. For these reasons, admission of the March 2000 incident during the attempted murder phase of the trial did not violate Rule 404(b), and the court did not abuse its discretion in admitting the evidence.

## CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

ROBB, C.J., and NAJAM, J., concur.